**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------------------X

TRUSTEES of the IAM NATIONAL PENSION    :
FUND    :
99 M Street, SE, Suite 600    :
Washington, D.C. 20003-3799,    :   Case No.: 1:21-cv-00928-RDM
    :
    Plaintiffs,    :
    :
   - against -    :
    :
OHIO MAGNETICS, INC.    :
5200 Upper Metro Place, Suite 110    :
Dublin, Ohio 43017,    :
    :
    Defendant.    :

------------------------------------------------------------------------X

## AMENDED COMPLAINT

    Plaintiffs, the Trustees (the "Trustees") of the IAM National Pension Fund (the "Fund"),
by and through their undersigned counsel, bring this action against Defendant Ohio Magnetics,
Inc. (the "Company"), and allege as follows:

### I.   INTRODUCTION

    1.    This is an action under the Employee Retirement Income Security Act of 1974, as
amended ("ERISA") to modify and/or vacate the March 9, 2021 arbitration award (the "Award")
issued by Arbitrator Martin F. Scheinman in *Ohio Magnetics, Inc. v. IAM National Pension Fund*,
AAA Case No. 01-20-0000-1596 (the "Arbitration").

    2.    The Arbitrator incorrectly concluded that the Fund's actuary should have used the
methods and assumptions in effect on December 31, 2017 to calculate the Company's withdrawal
liability, rather than those the actuary adopted three weeks later on January 24, 2018.

3.     The Arbitrator's conclusion is erroneous as a matter of law because, *inter alia*, the actuary is required by law to calculate withdrawal liability using actuarial methods and assumptions that reflect the actuary's "best estimate," and nothing in the governing statutes, regulations, or binding case law required the Fund's actuary to make that determination by December 31, 2017.

4.     In this action, the Trustees seek an order vacating the Award, and reinstating and sustaining the Fund's original assessment of withdrawal liability pursuant to ERISA § 4221(b)(2), 29 U.S.C. § 1401(b)(2).

## II.     JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over the Company because, pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), it resides and does business within the United States.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA §§ 4221(b)(2) and 4301(a), 29 U.S.C. §§ 1401(b)(2) and 1451(a).

7.     Venue is proper in this District pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III.     PARTIES

8.     The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 99 M Street, S.E., Suite 600, Washington, D.C. 20003-3799.

9.      Plaintiffs are the Trustees of the Fund, and bring this action solely in their capacities as fiduciaries of the Fund pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

10.      The Company is a for-profit Ohio corporation having its principal place of business at 5200 Upper Metro Place, Suite 110, Dublin, Ohio 43017.

## IV.    FACTUAL BACKGROUND

11.      The Company was a party to certain collective bargaining agreements, pursuant to which it was obligated to remit contributions to the Fund on behalf of those of its employees who performed covered work.

12.      As of June 30, 2018, the Company effected a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

13.      On April 2, 2019, the Fund notified the Company that it had effected a complete withdrawal from the Fund as of June 30, 2018, and that its allocated share of the of the Fund's unfunded vested benefits was $477,475.00, payable in twenty-eight (28) quarterly installments of $20,659.00 and a final payment of $11,544.00 commencing on or before June 1, 2019 (the "Assessment").

14.      On June 10, 2019, the Company requested a review of the Assessment, which request the Fund denied on August 19, 2019.

15.      On January 14, 2020, the Company timely commenced the Arbitration to challenge the Assessment.

16.      On March 9, 2021, the Arbitrator issued the Award, in which he determined that the Assessment should have been calculated using the methods and assumptions in effect on December 31, 2017, rather than those that were adopted three weeks later on January 24, 2018.

Attached as **Exhibit 1** is a true and correct copy of the Stipulated Facts (including Exhibits A through F) submitted by the parties in the Arbitration, and as **Exhibit 2** is a true and correct copy of the Award.

17.     The Arbitrator concluded that the Second Circuit's decision in *National Retirement Fund v. Metz Culinary Management, Inc.*, 946 F.3d 146 (2d Cir. 2020), was binding and dispositive of the issue presented because the Second Circuit set forth a bright-line rule prohibiting the retroactive application of actuarial methods and assumptions adopted after the applicable measurement date used to calculate the liability.

18.     On the basis of this conclusion, the Arbitrator ordered the Fund to recalculate the withdrawal liability using the methods and assumptions in effect on December 31, 2017, and to refund overpayments (if any) due and owing to the Company.

## COUNT I

### Order to Modify/Vacate the Award
### Pursuant to ERISA § 4221(b)(2), 29 U.S.C. § 1401(b)(2)

19.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

20.     Withdrawal liability must be calculated "on the basis of actuarial assumptions and methods which, in the aggregate, are reasonable (taking into account the experience of the plan and reasonable expectations) and which, in combination, offer the actuary's best estimate of anticipated experience under the plan."  ERISA § 4213(a)(1), 29 U.S.C. § 1393(a)(1).

21.     Withdrawal liability determinations are "presumed correct unless the party contesting the determination shows by a preponderance of the evidence that the determination was unreasonable or clearly erroneous."  ERISA § 4221(a)(3)(A), 29 U.S.C. § 1401(a)(3)(A).

22.     Further, the actuary's calculation of withdrawal liability "is presumed correct unless a party contesting the determination shows by a preponderance of evidence that the actuarial

assumptions and methods used in the determination were, in the aggregate, unreasonable (taking into account the experience of the plan and reasonable expectations), or the plan's actuary made a significant error in applying the actuarial assumptions or methods."  ERISA § 4221(a)(3)(B), 29 U.S.C. § 1401(a)(3)(B).

23.     The Arbitrator committed a clear error of law when he determined that, even though the Arbitration was venued in the D.C. Circuit, the Second Circuit's decision in *National Retirement Fund v. Metz Culinary Management, Inc.*, 946 F.3d 146 (2d Cir. 2020) was binding on the Fund and dispositive of the issues presented in the Arbitration.

24.     The Arbitrator compounded this error when, on the basis of that decision, he determined that the actuary was prohibited as a matter of law from using the actuarial methods and assumptions it adopted on January 24, 2018 to calculate the Company's withdrawal liability. Those methods and assumptions were reflected in the Fund's most recent actuarial valuation, pursuant to ERISA § 4213(b)(1), and reflected the actuary's "best estimate," pursuant to ERISA § 4213(a)(1).  29 U.S.C. § 1393(a)(1), (b)(1).

25.     In requiring the actuary to use stale methods and assumptions that do not in fact reflect the actuary's "best estimate," the Arbitrator committed a clear error of law, and his decision should be vacated.

26.     Plaintiffs demand that the Award be vacated; that an order be entered reinstating the Assessment and requiring the Company to make payments in accordance with the Assessment; and all other relief that the Court may deem just and appropriate.

Dated:   April 6, 2021                    **PROSKAUER ROSE LLP**

By:      ___/s/ **Guy S. Brenner**___
                 Guy S. Brenner
              (D.C. Bar No. 491964)
         1001 Pennsylvania Ave, N.W.
         Suite 600 South
         Washington, D.C. 20004-2533
         (202) 416-6800
         gbrenner@proskauer.com

         Anthony S. Cacace*
         Neil V. Shah*
         Eleven Times Square
         New York, NY 10036
         (212) 969-3000
         acacace@proskauer.com
         nshah@proskauer.com

         *Motions for admission
         *pro hac vice* forthcoming

         *Counsel for the Plaintiffs*